Opinion issued June 1, 2006











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00815-CR
NO. 01-05-00816-CR




JONATHAN TYRONE ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause Nos. 03CR3201 and 03CR3202




MEMORANDUM OPINION
          Appellant, Jonathan Tyrone Anderson, was charged in two indictments with
two separate offenses of indecency with a child by contact. A jury found appellant
guilty as charged in both indictments and assessed punishment in both causes at
confinement for 15 years. On appeal, appellant presents two issues challenging the
legal sufficiency of the evidence to support the convictions in each of the causes. We
affirm. 
BACKGROUND
          At trial, the State presented only two witnesses: T.C., the complainant in cause
no. 03CR3201, and S.C., the complainant in cause no. 03CR3202. T.C., who was 15
years old at the time of trial, testified that she lived in Hitchcock with her father until
she was 12 years old and that they attended Faith Community Church. She testified
that she met appellant, whom she know as Brother Jonathan, at church. She testified
that the first time appellant touched her breasts was in the kitchen at her father’s
house in Hitchcock. She said that appellant asked her for a hug, and when she gave
him a hug, appellant grabbed her breast. She testified that he said it was an accident. 
          T.C. testified that the second time appellant touched her was at his house. She
was spending the night with his daughter and slept on the living room couch. She
remembered that appellant’s wife was making crawfish, T.C.’s favorite food. She
testified that, after everyone had gone to bed, appellant came into the room and
touched her. Then he unbuttoned her pajama top and started caressing her breasts. 
She told him that she was tired. He said “Okay” and left. She testified that, the next
morning, she told him she wanted to go home, and appellant’s wife took her home. 
She stated that, although this happened when she was 12 years old, she didn’t tell
anyone because she was afraid that her father would not believe her because he and
appellant were best friends. At some point after that, T.C. moved to Dallas to live
with her mother. 
          T.C. testified that she went back to Hitchcock to visit her father. On one such
occasion, she took appellant’s daughter to the restroom at church and was waiting
outside the restroom when appellant came up and said he missed her. She stated that
he then asked for a hug “and he picked me up by my butt and he, like, hugged me.” 
Appellant testified that the first person she told about this was her sister. At a later
time, she told her mother. 
          S.C., who was 17 years old at the time of trial, lived with her mother in Dallas,
but would visit with her father in Hitchcock. She testified that she met appellant
through her father, who had lived with appellant for a while. She testified that
appellant had molested her numerous times by touching her in places he should not
have touched, like her breasts and her genital area. She testified that the first time he
touched her was while her father was living with appellant. She said that she was in
the garage of appellant’s house and that she and appellant were wrestling. She
testified that appellant approached her from behind and grabbed her breast with one
hand and her genital area with the other. She said that she pushed him away and
thought it was an accident. 
          S.C. testified that the second occurrence was on a Sunday at the Faith
Community Church. She entered the sanctuary, and appellant was the only other
person there. She said that she had to pass near him to get to the kitchen, where the
other adults were, and as she went by him, he squeezed her “butt.” She testified that
he said he was sorry, that it was an accident. She again thought it was an accident.
          S.C. testified that the third occurrence was at her mother’s home in Dallas. She
stated that her mother was at work and she was at home with her brother. Her brother
was in the kitchen and she was in the living room when appellant came into the living
room. S.C. testified that she asked to borrow a CD from appellant, and he told her
to get it from his truck. She said that she went to the truck to get the CD, and, when
she returned, he was outside of the house. As she approached him, he reached out
and grabbed her breasts. She said that she pushed him away and went to her room. 
She testified that this time, she did not know what to think. She also said that he
touched her many more times after that. 
          The next time was during the Christmas holidays in 2001 while she was
visiting her father in Hitchcock. She went with her sister to spend the night at
appellant’s house because her sister did not want to go there alone. She testified that
all the kids were in the living room wrestling, and appellant joined in and pulled S.C.
onto his lap and tried to put his finger into her genital area. She said that she resisted
him by squeezing her legs tight, and he stopped when all the other kids ran over and
started wrestling with him. She testified that she then left the room, and as she was
leaving, he said, “We’re going to finish this later.” Later that night, she, her sister,
and appellant’s daughter were asleep in the daughter’s room. She woke up to find
him in the room and his hands on her breasts inside her pajamas. She looked at him,
and he walked out of the room. The next day she went back to her father’s house and
cried. 
          S.C. testified that appellant touched her numerous times after the December
2001 incidents. She testified that the last occurrence was on July 4 when she was
again visiting her father in Hitchcock. She had just turned 14 years of age. She
stated that appellant came to the door and asked if her father was there. When she
told him that her father was at work, he tried to put his hands up her dress. She
yelled, “Stop.” Her little brother then came in from outside, and appellant left. Later,
appellant’s wife came to take the family, except for S.C.’s father, to the church for a
picnic. After the picnic, S.C. was vacuuming the sanctuary when appellant came in. 
He asked her if she wore lingerie, and she said, “No.” He said, “Maybe you could
wear a thong for me sometime” and grabbed her “butt.” She pushed him away and
said, “Don’t you have a wife for that?” He answered, “Yes, but I want to see you in
it.” Her father came into the room, and she left with him. S.C. testified that that was
the last time she had any contact with appellant. 
          S.C. testified that she did not tell anyone about these events because she was
afraid that no one would believe her. She said that she was young, and everyone
looked on appellant as a man of God. She said that the first person she told was her
mother. She testified that she felt comfortable telling her mother after her mother said
that it had happened to her as a child. 
          Appellant presented three defense witnesses and also testified in his own
defense, denying all allegations. 
DISCUSSION
Standard of Review
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the verdict to determine “whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The jury is the exclusive judge
of the facts, the credibility of the witnesses, and the weight to be given to the
witnesses’ testimony. Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.—Houston
[1st Dist.] 2003, pet. ref’d). The jury may believe all, some, or none of any witness’s
testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
Legal Sufficiency of the Evidence
          Appellant contends that there is legally insufficient evidence to support his
conviction because the complainants were the only witnesses to the alleged sexual
misconduct, there was no physical evidence to support their allegations, and they
waited years before making an outcry. He also directs us to the testimony of his
witnesses as establishing that the sexual misconduct could not have occurred. 
          The testimony of a child victim alone is sufficient to support a conviction for
aggravated sexual assault or indecency with a child. Perez v. State, 113 S.W.3d 819,
838 (Tex. App.—Austin 2003, pet. ref’d); Tex. Code Crim. Proc. art. 38.07 (Vernon
2005). It is clear from the jury’s verdict that the jury believed the testimony of the
complainants and did not believe the testimony of appellant’s witnesses. 
          Considering the evidence in the light most favorable to the verdict, we
conclude that jury could have found the essential elements of the offenses. Therefore, 
the evidence is legally sufficient to support the verdict. Accordingly, we overrule
appellant’s issues and affirm the judgments. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).